UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUNY VICTOR, | ) | CASE NO. 1:16cv3087 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| STATE OF OHIO, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Suny Victor filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254 on December 28, 2016. She originally was convicted in 2014 in the Chardon Municipal Court on charges of OVI and failure to control her vehicle, however, her conviction was overturned on appeal. On remand, the City of Chardon ("City") set a date for a second trial, but petitioner pled guilty on January 20, 2017 to a minor misdemeanor charge of disregard of safety, and was assessed a fine. In this habeas petition, she asserts nine grounds for relief, all relating to her first conviction, which was overturned on appeal. She asks this Court to vacate that conviction and sentence.

A.  Background

Petitioner was charged on January 11, 2014 with operating a motor vehicle while under the influence of alcohol ("OVI") and failure to control after the car she was driving went off the road and struck a tree. *State v. Victor*, No. 2014-G-3220, 2014-G-3241, 2015 WL 9594363, at *4 (Ohio Ct. App. Dec. 31, 2015). Ohio State Highway Patrol Trooper

John R. Nemastil, was called to the scene of an accident on Wisner Road at Mitchell's Mills, in Chardon, Ohio. *Id.* at *1. Trooper Nemastil indicated that although petitioner claimed she had had nothing to drink, her eyes were red, bloodshot, and glassy, and she smelled of alcohol. Petitioner failed field sobriety tests and Trooper Nemastil placed her under arrest. *Id.* At the station, she refused to submit to a breath, urine, or blood test. *Id.*

Petitioner represented herself at the jury trial held on June 19, 2014. *Id.* at *2. The jurors viewed the cruiser dash cam video and crash photos taken by Trooper Nemastil. *Id.* Petitioner called witnesses, including her mother, who claimed the roads were bad on the day of her daughter's accident. *Id.* The jury returned a guilty verdict on both charges. *Id.* Petitioner filed numerous *pro se* motions, including a motion for new trial, but all of her motions were denied. *Id.* On July 8, 2014, the trial court sentenced her to 180 days in jail, with 177 days suspended on conditions. *Id.* The court also suspended her driver's license for 180 days and ordered her to pay a $375.00 fine. *Id.*

Petitioner filed a timely appeal and her sentence was stayed while the appeal was pending. *Id.* In her sole assignment of error, she asserted she was denied her Sixth Amendment right to counsel. *Id.* She maintained that the trial court failed to address and obtain an oral or written waiver of her constitutional right to counsel. *Id.* The Ohio Eleventh District Court of Appeals agreed and, on December 31, 2015, they reversed the judgment of conviction and remanded the case with instructions that the petitioner must be afforded a new trial in which she is represented by counsel, unless she knowingly, intelligently, and voluntarily waives that right. *Id.* at *5.

The City reinstated criminal charges of OVI and failure to control against petitioner on January 5, 2016. This time, petitioner filed a written waiver of appointed counsel. She entered into a plea agreement with the City, and on January 20, 2017, she pleaded guilty to a reduced charge of disregard of safety, a minor misdemeanor. It appears from the docket that a fine was imposed as her sentence.

Prior to her plea hearing and sentencing on January 20, 2017, petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the conviction that was vacated by the Ohio Eleventh District Court of Appeals. She asserts nine grounds for relief: (1) she was denied the right to self-representation on appeal and her appellate counsel was ineffective; (2) she was denied a speedy trial; (3) she was denied the ability to confront and impeach the credibility of witnesses; (4) she was denied the right to present favorable witnesses; (5) she was denied a fair jury trial; (6) the prosecutor withheld newly discovered evidence; (7) the prosecutor allowed false testimony to go uncorrected and misled the jury; (8) the jury's verdict was against the manifest weight of the evidence; and (9) she was denied the right to counsel at sentencing.

### B. Standard of Review

Promptly after the filing of a petition for habeas corpus, the Court must conduct a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES (applicable to § 2241 petitions under Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to

"screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the Court concludes that the Petition must be dismissed for lack of subject matter jurisdiction because Petitioner is not "in custody" pursuant to the judgment of conviction being challenged.

    C.    **Analysis**

Petitioner's habeas petition is legally insufficient for several reasons. First, petitioner is not in custody for the conviction under attack. A federal district court may entertain an application for the writ of habeas corpus only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). The Supreme Court has interpreted this language to mean "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968)). The "in custody" requirement has been very liberally construed to include release on parole, probation, bail or bond because individuals released under these conditions are "'subject to restraints not shared by the public generally.'" *Hensley v. Mun. Court, San Jose–Milpitas Judicial Dist.*, 411 U.S. 345, 351, 93 S. Ct. 1571, 36 L. Ed. 2d 294 (1973) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240, 83 S. Ct. 373, 376, 9 L. Ed. 2d 285 (1963)).

Petitioner is not "in custody" pursuant to the judgment of conviction she challenges. Her claims are directed to her first conviction in 2014, which was vacated by the Ohio Eleventh District Court of Appeals. She could not be referring to her 2017 conviction as a

result of her guilty plea, because she filed this petition in 2016, prior to her plea hearing and sentencing.

Furthermore, even if the Court could construe that she was challenging her current conviction, she gives no indication that she is "in custody" on that conviction. It appears she was required to pay a fine. That does not qualify as being "in custody" for habeas purposes. *See Kohn v. Michigan State Police,* No. Civ. 01–71923–DT, 2001 WL 902715, at *2 (E.D. Mich. Jun. 6, 2001) ("Numerous courts have held that the imposition of traffic tickets or fines or even the suspension of driving privileges is not a severe enough restraint on a petitioner's liberty to satisfy the 'in custody' requirement of the habeas corpus statute."). Because petitioner is not in custody as defined for purposes of § 2254, the Court lacks subject matter jurisdiction over her petition.

Second, the only ground that could possibly be construed to refer to petitioner's current conviction would be her second ground for relief claiming she was denied a speedy trial, and it would be unexhausted. A state prisoner seeking federal habeas relief must first exhaust available state remedies as to any of her federal claims, thereby affording the state court "the first opportunity to address and correct alleged violations of [the] prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)). Petitioner filed her habeas petition before she pled guilty and received a sentence for the offense. She did not raise this claim to the Ohio appellate courts.

Third, to the extent her second ground could be construed to refer to petitioner's current conviction, any claim for a speedy trial violation would be negated by her subsequent guilty plea. A guilty plea represents a "break in the chain of events" that

preceded it in the criminal process. "When a criminal defendant has solemnly admitted in open court that [s]he is in fact guilty of the offense with which [s]he is charged, [s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. [S]he may only attack the voluntary and intelligent character of the guilty plea[.]" *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235, 243 (1973). By pleading guilty, petitioner waived her right to a speedy trial.

### D. Conclusion

For all the foregoing reasons, the petition for a writ of habeas corpus (Doc. No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 31, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**